## No. 6164.

## LEON & H. BLUM v. H. E. SIMPSON.

1. FRAUDULENT CONVEYANCE — CASE FOLLOWED. — A sale by a debtor for purpose of defrauding his creditors is void when his vendee had notice of facts sufficient to put a man of ordinary prudence upon notice of the purpose of the vendor. (Blum v. Simpson, 66 Texas, 84.)
2. FACT CASE. — See facts requiring a reversal of a judgment validating a sale by a failing debtor.

APPEAL from Bell. Tried below before the Hon. W. A. Blackburn.

This is a second appeal. The facts are set out in the opinion and in Blum v. Simpson, 66 Texas, 84.

*Scott & Levi,* for appellants, cited Lawson on Usages and Customs, 40; Greenleve, Block & Co. v. Blum, 59 Texas, 127; Seligson v. Brown, 61 Texas, 182; Willis v. McNeil, 57 Texas, 475; R. R. v. Jarrell, 60 Texas, 270; Traylor v. Townsend, 61 Texas, 146.

*Harris & Saunders,* for appellee, cited Paxton v. Boyce, 1 Texas, 317; Tompkins v. Bennett, 3 Texas, 36; Turner v. Lambeth, 2 Texas, 365; DeLeon v. White, 9 Texas, 599; Kellum v. Smith, 18 Texas, 835; Layton v. Hall, 25 Texas, 204; Giddings v. Steele, 28 Texas, 735; Weisiger v. Chisholm, 28 Texas, 780.

HOBBY, JUDGE. On the ninth day of May, 1882, I. A. McLure was doing business at Rogers, in Bell county, Texas. On the nineteenth appellants recovered a judgment in Galveston county against him for two thousand two hundred and ninety-nine dollars and sixteen cents. On the same day execution upon this judgment was issued and levied upon certain goods in Bell county, on the twenty-seventh of May, 1882, which were claimed by appellee, who made oath and gave bond for the trial of the right of property. At the fall term, 1884, appellants tendered issue, charging fraud, both on the part of McLure and Simpson, and notice of McLure's intention to hinder, delay and defraud his creditors by making this sale, etc.; all of which was denied by Simpson in his answer, and who also alleged that his purchase from McLure was for a valuable and sufficient consideration, in good faith, and want of any knowledge or notice on his part of any intent on McLure's part to hinder, delay or defraud his creditors, or that McLure ever had any creditors, or that he was insolvent; that he was ignorant of McLure's financial condition, etc. The jury rendered a verdict for Simpson. Appellants then, who are appellants now, took an appeal to the Supreme Court. The case was reversed and remanded, and coming up again for trial at the summer term, 1886, of the district court of Bell county, the jury again rendered a verdict for Simpson; judgment was rendered in favor of appellee, and from this judgment this appeal is prosecuted upon the assignments of error hereinafter set out, upon which appellants rely for a reversal.

Upon the former appeal in this case it was decided, after a review of the evidence, that, taking all the circumstances in connection, there was enough to arouse a suspicion in the mind of any prudent man that there was an intention upon the part of McLure to dispose of his property in such a way that if he had any creditors, of which there was great probability, they would be deprived of all power to enforce their claims against him. It was further held that the evidence presented such an array of circumstances tending to put appellee upon inquiry as to the fraudulent intent of McLure in making the sale to him, which were not affected by any of the facts which it was contended tended to show the fairness of the transaction. (Blum v. Simpson, 66 Texas, 84.)

The facts in the case upon this appeal, as disclosed by the record, are but a reproduction of those reported in the case cited, with additional evidence which, in our opinion, illustrates the correctness of the conclusions of the court upon the former appeal.

There was no doubt, from the evidence upon the first appeal, that McLure's purpose in making the sale was to avoid paying his creditors, and that evidence was then held to be sufficient to put appellee upon inquiry which, if properly pursued, would have advised him as to McLure's intent.

The same facts are now before us. It appears also from the evidence, with respect to the notes executed by appellee to McLure, that the latter transferred, in a few days after their delivery to him, these notes to Baggett, who was appellee's father-in-law and general adviser throughout the transaction, at a discount of twenty-two per cent. though the notes drew ten per cent. interest. This transfer was made in the face of the statement of McLure· to both appellee and Baggett, that the notes were intended for his brother's benefit, he (McLure) having received the eight hundred dollars in cash. Another suggestive fact in this connection is that the notes were returned to McLure by Baggett a day or two before a writ of garnishment, at the instance of appellants, was served upon him, enabling him to defeat their effort in this mode to secure their debt. These notes were then purchased by Baggett's brother and placed in Baggett's hands for collection, who collected them. We think comment upon these facts is unnecessary and that, taken in connection with all the evidence, they are strongly indicative of the fact, if they do not establish

it, that appellee knew that it was the intention of McLure, in making the sale of all of his property, to avoid the payment of his creditors.

Under the peculiar facts of this case the circumstance that the conveyance from McLure to appellee recites the payment of three thousand dollars in cash, that this was shown to be a false recital; that the value of the property conveyed to appellee exceeded four thousand dollars, for which, in the manner stated, he paid only about two thousand four hundred dollars, were abundantly sufficient to arouse the suspicion in the mind of appellee that McLure's conduct was inconsistent with an honest purpose.

We do not think the verdict of the jury is supported by the evidence.

The general charge of the court sufficiently presented the controlling questions in this case. For the reasons indicated, we are of the opinion that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Opinion adopted October 30, 1888.

Stayton,
*Chief Justice.*